IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-192-BO

| | | |
|---|---|---|
| DANA JOE DENTON; PATRIZIA A. DENTON, | ) ) ) | |
| Plaintiffs, | ) ) ) | **ORDER** |
| v. | ) ) | |
| NATIONSTAR MORTGAGE LLC, | ) ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiffs' motion for entry of default and defendant's motion for judgment on the pleadings. For the reasons discussed below, defendant's answer is stricken and plaintiffs' motion for entry of default is granted.

## BACKGROUND

Plaintiffs, proceeding *pro se*, filed this action on September 9, 2014, alleging that actions taken by defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the North Carolina Debt Collection Act prohibiting debt collectors from engaging in unfair debt collection practices. N.C. Gen. Stat. §§ 75-50 to 75-56. On September 16, 2014, plaintiffs filed proof of service on defendant by process server on September 11, 2014. On September 26, 2014, plaintiffs filed an amended complaint. On October 21, 2014, plaintiffs filed an amended certificate of service reflecting service of the amended complaint on September 30, 2014. On October 24, 2014, plaintiffs moved for entry of default under Rule 55(a) of the Federal Rules of Civil Procedure. On October 28, 2014, defendant filed an answer. On November 11, 2014,

defendant moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.

## DISCUSSION

Rule 55(a) provides that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).[1] Rule 15(a)(3) provides that "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). Plaintiffs' certificate of service shows that defendant was served with the amended complaint on September 30, 2014. *See Employee Painters' Trust v. Ethan Enterprises, Inc.*, 480 F.3d 993, 999 (9th Cir. 2007) ("An amended complaint need only be served in the manner provided by Rule 4 when (1) a party is 'in default for failure to appear' *and* (2) the 'pleadings assert[ ] new or additional claims for relief.'") (citation omitted). Defendant's responsive pleading was therefore due on or before October 17, 2014. Fed. R. Civ. P. 6(a);(d). Defendant filed its answer on October 28, 2014.

Defendant's untimely answer was not accompanied by a motion for extension of time or a motion to deem the answer as timely filed. In its opposition to plaintiffs' motion for entry of default, defendant makes no attempt to show excusable neglect, nor does it request that its answer be deemed timely. Defendant opposes entry of default only by noting that it has in fact appeared in this litigation and pled and that the court of appeals prefers that actions be decided on their merits.

---

[1] Though default is generally entered by the clerk, a court may also enter default against a party. *Fisher v. Taylor*, 1 F.R.D. 448, 448 (E.D. Tenn. 1940).

2

Absent any effort to persuade the Court that defendant, duly represented by counsel, should be excused for filing its responsive pleading out of time, the Court finds itself constrained to strike defendant's answer as untimely and enter default against it. Fed. R. Civ. P. 12(f). Because defendant is now in default, its motion for judgment on the pleadings is denied without prejudice. The Court will entertain a motion to set aside default if filed.

## CONCLUSION

For the foregoing reasons, defendant's answer [DE 12] is STRICKEN as untimely and plaintiffs' motion for entry of default [DE 8] is GRANTED. Default is hereby ENTERED against defendant Nationstar Mortgage LLC. Defendant's motion for judgment on the pleadings [DE 13] is DENIED WITHOUT PREJUDICE.

SO ORDERED, this _6_ day of February, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE